IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


ALBERT L. BRINKMAN,

                    Petitioner,

          v.                              CASE NO. 05-3467-SAC

DORA B. SCHRIRO, et al.,

                    Respondents.



O R D E R

     Petitioner, a prisoner incarcerated in an Arizona correctional facility, proceeds pro se on a petition for writ of habeas corpus under 28 U.S.C. § 2254, transferred to this court from the United States District Court for the District of Arizona.   Having reviewed petitioner's limited financial resources, the court grants petitioner leave to proceed in forma pauperis under 28 U.S.C. § 1915.

     Petitioner seeks relief on a single claim that he was denied the effective assistance of counsel in his direct appeal from his 1997 conviction in Leavenworth County District Court in Leavenworth, Kansas.   Court records disclose that petitioner filed an earlier habeas action under § 2254 to challenge this same state court conviction.   See Brinkman v. Stewart, Case No. 01-3247-DES.   Noting the Kansas Supreme Court's refusal to consider petitioner's out of time petition for review in petitioner's direct appeal, the federal court dismissed that

petition finding habeas corpus review was barred by petitioner's procedural default in properly presenting his claims to the Kansas courts.  The Tenth Circuit Court of Appeals affirmed the dismissal of that § 2254 application, and the finding of a procedural bar to federal habeas review of petitioner's claims. The circuit court further noted that petitioner's allegation of ineffective assistance of appellate counsel, argued as cause for excusing petitioner's procedural default, was itself a procedurally defaulted claim.

Petitioner thereafter pursued post-conviction relief in the Kansas courts without success, and then attempted to reinstate his § 2254 application in 01-3247-DES.  By an order dated August 11, 2003, the federal district court treated this attempt as a second or successive petition requiring authorization by the Tenth Circuit Court of Appeals. *See* Lopez v. Douglas, 141 F.3d 974, 975 (10th Cir. 1998)("Rule 60(b) cannot be used to circumvent restraints on successive habeas petitions."); 28 U.S.C. § 2244(b)(3)(procedure for seeking authorization from court of appeals to file second or successive § 2254 petition in district court). *But see* Gonzalez v. Crosby, 125 S.Ct. 2641, 2648 n.4 (2005)(a Rule 60(b) motion challenging a finding of procedural bar is not a second or successive petition because it does not attack a determination of a habeas claim on the merits).

The court finds the instant application is subject to being dismissed because petitioner's is attempting to relitigate his claim that ineffective assistance of appellate counsel excuses

his procedural default in presenting his four grounds of constitutional error in his state court conviction. *See* 28 U.S.C. § 2244(b)(1)("A claim presented in a second or successive habeas corpus application under § 2254 that was presented in a prior application shall be dismissed."). Although petitioner suggests the current action should be considered as a "continuation" of his earlier petition to allow further opportunity for him to demonstrate "cause and prejudice" for his procedural default, the court rejects this suggestion as an impermissible attempt to evade the restrictions imposed by § 2244(b)(2) and (3) for pursuing habeas corpus relief in a second or successive petition.[1]

Accordingly, petitioner is directed to show cause why this action should not be dismissed for the reasons stated by the court.

---

[1]Additionally, the court notes that habeas relief under § 2254 would also be time barred. A one year limitation period applies to habeas corpus petitions filed by prisoners confined pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). On the face of the application, it appears this limitation period expired in March 2001, a year after petitioner's conviction became final upon expiration of the time for seeking a writ of certiorari in the United States Supreme Court in his direct appeal. *See* <u>Locke v. Saffle</u>, 237 F.3d 1269 (10th Cir. 2001). Neither petitioner's filing of his first § 2254 petition in May 2001, nor his filing of a state post-conviction motion in July 2002, had any tolling effect on the already expired limitation period. *See* <u>Duncan v. Walker</u>, 533 U.S. 167, 181-82 (2001)(no tolling of limitation period during pendency of a federal habeas petition); <u>Fisher v. Gibson</u>, 262 F.3d 1135, 1142-43 (10th Cir. 2001)(application for post-conviction relief filed after expiration of one-year limitation period has no tolling effect), *cert. denied*, 535 U.S. 1034 (2002).

IT IS THEREFORE ORDERED that petitioner is granted leave to proceed in forma pauperis.

IT IS FURTHER ORDERED that petitioner is granted twenty (20) days to show cause why the petition for writ of habeas corpus under 28 U.S.C. § 2254 should not be dismissed.

**IT IS SO ORDERED.**

DATED:  This 11th day of January 2006 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge