IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


ALBERT L. BRINKMAN,

                              Petitioner,

            v.                              CASE NO. 05-3467-SAC

DORA B. SCHRIRO, et al.,

                              Respondents.


O R D E R

      Petitioner proceeds pro se and in forma pauperis on a petition
for writ of habeas corpus under 28 U.S.C. § 2254.  Petitioner claims
he was deprived his constitutional rights in his 1997 conviction.

      In an order entered on December 14, 2005, the court noted
petitioner's previous filing of a habeas application regarding this
same state conviction.   The court denied that petition, finding
habeas review was barred by petitioner's procedural default in
presenting his claims to the state appellate courts, namely
petitioner's failure to file a petition for review by the Kansas
Supreme Court in his direct appeal.[1]  The Tenth Circuit Court of
Appeals affirmed, further finding petitioner's claim of ineffective
assistance of counsel in the direct appeal was itself a procedurally

---

[1]*See* <u>Brinkman v. Stewart</u>, Case No. 01-3247-DES (petition
dismissed October 5, 2001).

defaulted claim.[2]  The court then construed petitioner's later filed motion to reinstate his petition as second or successive habeas petition requiring transfer of the action to the Tenth Circuit Court of Appeals.  *See* 28 U.S.C. § 2244(b)(3)(procedure for seeking authorization from court of appeals to file second or successive 2254 petition in district court).

Also in the December 14, 2005, order, the court directed petitioner to show cause why the instant habeas application should not be dismissed as an abuse of the writ,[3] or alternatively, why the application should not be transferred to the Tenth Circuit Court of Appeals for authorization for this court to consider a second or successive petition.

Having reviewed petitioner's response, the court finds the petition should be transferred to the circuit court.

Petitioner insists the instant petition should be treated as a "continuation" of his earlier habeas petition, and presents various arguments why that earlier petition should not have been dismissed. The court finds the claims and arguments raised in the instant application constitute a second or successive habeas petition, requiring transfer of this matter to the Tenth Circuit Court of Appeals.  *See* <u>Coleman v. United States</u>, 106 F.3d 339, 341 (10th Cir. 1997)("when a second or successive petition for habeas corpus relief

---

[2]*See* Tenth Circuit Appeal No. 01-3359 (certificate of appealability denied and appeal dismissed, April 1, 2002).

[3]*See* 28 U.S.C. § 2244(b)(1)("A claim presented in a second or successive habeas corpus application under § 2254 that was presented in a prior application shall be dismissed.").

under § 2254 or a § 2255 motion is filed in the district court without the required authorization by this court, the district court should transfer the petition or motion to this court in the interest of justice pursuant to [28 U.S.C.] § 1631").

IT IS THEREFORE ORDERED that the petition is transferred to the Tenth Circuit Court of Appeals for processing under 28 U.S.C. § 2244(b)(3).

**IT IS SO ORDERED.**

DATED:  This 16th day of May 2006 at Topeka, Kansas.

   s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge